UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEMETRIA CLARE-LUNNY,

                              Plaintiff,

                                                              6:14-CV-0455
v.                                                        (GLS/TWD)

JUDGE ANTHONY GARRAMONE,
DENISE BROWN, BRITTNEY JOHANNSSEN,
SARAH RIENTE,

                              Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

DEMETRIA CLARE-LUNNY
Plaintiff pro se
1309 Elm Street
Private #1 Cottage
Utica, NY 13501

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this pro se complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2), recommend that the claims against Defendant Garramone be dismissed without leave to amend, and recommend that the claims against Defendants Brown, Johannssen, and Riente be dismissed with leave to amend.

I.       **ALLEGATIONS OF THE COMPLAINT**

The complaint in this action, one of three cases that Plaintiff has filed in this District since March 31, 2014, is not entirely clear. Plaintiff alleges that Defendant Anthony Garramone,

a City Court judge, found her to be an unfit mother as the result of false allegations by her oldest daughter. (Dkt. No. 1 at 2.) Plaintiff alleges that her husband was issued an order directing him to cease harassing her. *Id*. at 3. Plaintiff alleges that "after December 3, 2013," her husband told her he was "done with" her and used racist language against her in front of their children. *Id*. Plaintiff alleges that she has "a home to live in" but also that she became homeless as of February 6, 2014, at 10:00 p.m. *Id*. She alleges that she has only seen her children twice. *Id*. Plaintiff alleges that she is a victim of domestic violence and that she has many positive qualities, such as regular church attendance, receiving counseling, and continuing her education. *Id*. Plaintiff alleges that she was diagnosed as bipolar in March 2014. *Id*. at 7. Plaintiff alleges that Defendant Sarah Riente "had the opportunity to advise the courts that[] the mother is s[ole] care[]take[r] of house[]hold and husband is just a financial distributor and he wishes to move to his father's house in Myrtle Beach." *Id*. at 6. Attachments to the complaint indicate that Defendant Riente is a caseworker who interviewed Plaintiff, her husband, and her children as part of an investigation into allegations of child neglect or abuse. (Dkt. No. 1-2 at 90-98.) Plaintiff claims that Defendant Garramone, Defendant Riente, Defendant Social Worker Denise Brown, and Defendant Family Case Worker Brittney Johannssen defamed her and violated her civil rights. (Dkt. No. 1 at 4.) Plaintiff requests $750,000,000 in damages for her "damaged mental state which could have been avoided if people would give individuals with disabilities a chance to speak" and "for defamation of character." *Id*. at 5.

Other than listing the names of Brown and Johannssen, the body of the complaint does not allege any actions or omissions committed by those Defendants. Attached as exhibits to the complaint are 168 pages of documents. Some involve Plaintiff's financial records, others

2

involve her medical care, and others are documents regarding court proceedings involving restraining orders and investigations by Child Protective Services. (Dkt. Nos. 1-1 and 1-2.) The attachments to the complaint contain only one reference to either Defendant Brown or Defendant Johannssen: one otherwise blank page includes a handwritten note that says "Denise Berry," lists a phone number, and states "discharge of mortgage." (Dkt. No. 1-2 at 71.)

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2006).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV. ANALYSIS

### A. Claims Against Defendant Garramone

Plaintiff names a City Court judge, Anthony Garramone, as a defendant. Plaintiff's claims against Defendant Garramone are barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "'at liberty to exercise their functions with independence and without fear of consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson*, 386 U.S. at 553-554). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, Plaintiff's claims against Defendant Garramone arise from the exercise of his judicial function. Therefore, I recommend that the Court dismiss Plaintiff's claims against Defendant Garramone.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. (citation omitted). Here, better pleading would not cure the defect with Plaintiff's claims against Defendant Garramone. Therefore, I recommend that the

Court dismiss the claims against Defendant Garramone without leave to amend.

### B. Claims Against the "State of New York United Court System"

The "State of NY United Court System" is listed as the first Defendant on the docket. It is not clear from the complaint whether Plaintiff intended to name that entity as a Defendant. To the extent that Plaintiff did intend to name that entity, all claims against it should be dismissed without leave to amend. 42 U.S.C. § 1983 creates a cause of action against "[e]very *person*" who, under color of law, violates the plaintiff's rights under the Constitution or federal laws. 42 U.S.C. § 1983 (emphasis added). Courts are not "persons" for the purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (neither state nor its officials acting in their official capacities are "persons" for the purposes of § 1983); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (state court not a "person" within the meaning of § 1983). Moreover, the Court system is immune from suit pursuant to the Eleventh Amendment. The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State immunity extends not only to the states, but to state agencies and to state officers who act on behalf of the state. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-06 (1984); *Gollomp*, 568

F.3d at 366-67 (county court entitled to Eleventh Amendment immunity as "arm of the state").
Therefore, it is recommended that the Court dismiss any claims against the "State of NY United Court System" without leave to amend.

    C.    **Claims Against Defendants Brown and Johannssen**

As discussed above, the complaint does not include any specific allegations about Defendant Johannssen. It includes only one cryptic reference to Defendant Brown – her name, her phone number, and a brief notation. (Dkt. No. 1-2 at 71.) Plaintiff states that she is proceeding under 42 U.S.C. § 1983. (Dkt. No. 1 at 1.) Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible connection" between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, the complaint does not include any plausible allegations of personal involvement by Defendants Brown and Johannssen. Therefore, I recommend that the Court dismiss the claims against Defendants Brown and Johannssen with leave to amend.

    D.    **Claims Against Defendant Riente**

Plaintiff alleges that Defendant Riente violated her civil rights and defamed her. (Dkt. No. 1 at 4.) Specifically, Plaintiff alleges that Defendant Riente "had the opportunity to advise the courts that[] the mother is s[ole] care[]take[r] of house[]hold and husband is just a financial distributor and he wishes to move to his father's house in Myrtle Beach." *Id*. at 6. Attachments to the complaint show that Defendant Riente conducted interviews in support of a petition filed

7

by the Herkimer County Department of Social Services alleging that Plaintiff's children were being neglected or abused. (Dkt. No. 1-2 at 85-98.) If Defendant Riente's actions were "intimately connected" with the judicial process, she is entitled to absolute immunity. *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 98 (2d Cir. 1999). However, there are not enough facts pleaded in the complaint to determine whether or not Defendant Riente is entitled to absolute immunity. But even if she is not entitled to absolute immunity, "it is well settled that child protective services workers are entitled to qualified immunity for their conduct during the course of abuse investigations." *Id*. at 99. Thus, Defendant Riente is immune unless she reasonably should have known that her communications violated clearly established law. *Id*. Nothing on the face of the complaint or in the attachments thereto indicates any possibility that Defendant Riente reasonably should have known that her communications violated clearly established law. Therefore, it is recommended that the Court dismiss the claims against Defendant Riente with leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the claims against Defendant Garramone be dismissed without leave to amend; and it is further

**RECOMMENDED** that any claims against the "State of NY United Court System" be dismissed without leave to amend; and it is further

**RECOMMENDED** that the claims against Defendants Brown, Johannssen, and Riente be dismissed with leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: May 8, 2014
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge