**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DEMETRIA CLARE-LUNNY,**

                **Plaintiff,**                    6:14-cv-455
                                                                       (GLS/TWD)

              v.

**STATE OF NY UNITED COURT
SYSTEM et al.,**

                **Defendants.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Demetria Clare-Lunny
Pro Se
1309 Elm Street
Private #1 Cottage
Utica, NY 13501

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Demetria Clare-Lunny commenced this action against

defendants State of NY United Court System,[1] Honorable Anthony J.

---

[1] The court presumes that Clare-Lunny refers to the New York State Unified Court System, and the court will refer to it as such. It is unclear, however, whether Clare-Lunny even intended to name the New York State Unified Court System as a defendant. (Compl., Dkt. No. 1 at 1-2; Dkt. No. 5 at 6.) Nevertheless, in an abundance of caution, the court construes Clare-

Garramone, Sarah Riente, Brittney Johanssen, and Denise Brown, pursuant to 42 U.S.C. § 1983, alleging violations of her civil rights and defamation of character.  (*See generally* Compl., Dkt. No. 1.)  Upon commencement of this action, Clare-Lunny also filed a motion for leave to proceed *in forma pauperis* (IFP).  (Dkt. No. 2.)

In an Order and Report-Recommendation (R&R) issued on May 8, 2014, Magistrate Judge Thérèse Wiley Dancks granted Clare-Lunny's IFP application.  (Dkt. No. 5 at 3, 8.)  Additionally, upon an initial review of Clare-Lunny's complaint pursuant to 28 U.S.C. § 1915(e), Judge Dancks recommended that the complaint be dismissed with prejudice as to Judge Garramone and the Unified Court System, and be dismissed without prejudice as to Brown, Johanssen, and Riente.  (*Id.* at 8.)  Pending are Clare-Lunny's objections to the R&R.  (Dkt. No. 6.)  For the reasons that follow, the R&R is adopted in its entirety.

## II.  <u>Standard of Review</u>

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge.  If a party properly objects to a specific element of the magistrate judge's

---

Lunny's complaint as asserting a claim against the New York Unified Court System.

findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

In her R&R, Judge Dancks first discussed Clare-Lunny's claims against Judge Garramone. (Dkt. No. 5 at 5-6.) Clare-Lunny claimed that, as the result of false allegations by one of her daughters, Judge Garramone found Clare-Lunny to be an unfit mother. (Compl. at 2.) Concluding that he was entitled to absolute judicial immunity, and that better pleading could not cure the defective allegations, Judge Dancks recommended that Clare-Lunny's claims against Judge Garramone be dismissed without leave to amend. (Dkt. No. 5 at 5-6.) Next, Judge Dancks addressed Clare-Lunny's claims against the New York Unified Court System, and concluded that the Eleventh Amendment barred these

claims. (*Id.* at 6-7.) Again, because better pleading would not provide a remedy, Judge Dancks recommended that these claims also be dismissed without leave to amend. (*Id.*)

Judge Dancks then discussed Clare-Lunny's claims against Brown, a social worker, and Johannssen, a family case worker. (*Id.* at 7.) Judge Dancks noted that the complaint does not include any specific allegations against either Johannssen or Brown, and in the 168 pages attached to the complaint, only one references Brown. (Dkt. No. 1, Attach. 2 at 71.) Thus, Judge Dancks recommended that these claims be dismissed, without prejudice, for lack of personal involvement. (Dkt. No. 5 at 7.) Finally, Judge Dancks reviewed Clare-Lunny's claims against Riente, an individual who appears to have conducted interviews in support of a petition filed by the Herkimer County Department of Social Services, alleging that Clare-Lunny's children were neglected or abused. (Dkt. No. 1, Attach. 2 at 85-98; Dkt. No. 5 at 7-8.) Judge Dancks noted that Riente could be entitled to absolute immunity if her actions were "'intimately connected'" with the judicial process, but, in any event, as a child protective service worker, Riente would likely be entitled to qualified immunity for her conduct during the course of abuse investigations. (Dkt. No. 5 at 8 (quoting *Wilkinson ex*

4

*rel. Wilkinson v. Russell*, 182 F.3d 89, 98 (2d Cir. 1999).)  Thus, Judge Dancks recommended that Clare-Lunny's claims against Riente also be dismissed with leave to amend.  (Dkt. No. 5 at 7-8.)

In her objections, Clare-Lunny utterly fails to identify errors with any specific portion of the R&R.  (*See generally* Dkt. No. 6.)  Instead, Clare-Lunny generally contends that this matter "has been obviously painful" for herself and her children, and in light of the information she provided, coupled with the "168 pages filed electronically," she "hope[s that] we could come to an understanding."[2]  (Dkt. No. 6 at 1.)  These "objections" are not sufficient to trigger *de novo* review.  Accordingly, consistent with the standards set forth in *Almonte*, 2006 WL 149049, at *3-5, the court has carefully reviewed the record, found no clear error in the R&R, and adopts the R&R in its entirety.

Further, with respect to Clare-Lunny's claims against Brown, Johannssen, and Riente, which are dismissed without prejudice, an amended complaint, if any, must be filed within thirty (30) days of the date

---

[2] Additionally, for the first time, Clare-Lunny appears to assert a new claim under the Americans with Disabilities Act.  (Dkt. No. 6 at 1.)  However, "[i]t is well settled that a litigant may not raise new claims not contained in the complaint . . . in objections filed in response to a Magistrate Judge's report and recommendation."  *Bermudez v. Waugh*, No. 9:11-CV-0947, 2013 WL 654401, at *6 (N.D.N.Y. Feb. 21, 2013).  Therefore, the court ignores that reference.

5

of this Memorandum-Decision and Order, and strictly comply with the requirements of, among other things, N.D.N.Y. L.R. 7.1(a)(4), Fed. R. Civ. P. 11(b), and Fed. R. Civ. P. 8. The amended complaint should set forth more specific allegations, and the factual basis for those claims. If Clare-Lunny elects to file an amended complaint, defendants shall have fourteen (14) days to file an appropriate response.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Therèse Wiley Dancks' May 8, 2014 Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Clare-Lunny's complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** with respect to any claims against Judge Anthony J. Garramone and the New York Unified Court System; and it is further

**ORDERED** that Clare-Lunny's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** with respect to any claims against Sarah Riente, Brittney Johannssen, and Denise Brown; and it is further

**ORDERED** that Clare-Lunny may, in accordance with the requirements of, among other things, Fed. R. Civ. P. 8(a) and N.D.N.Y.

L.R. 7.1(a)(4), file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that if Clare-Lunny elects to file an amended complaint, defendants shall have fourteen (14) days to file an appropriate response; and it is further

**ORDERED** that if Clare-Lunny does not file an amended complaint within thirty (30) days of this Memorandum-Decision and Order, the Clerk is directed to close this case without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 4, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court